UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROBERT CHARLES JONES, | Case No. 3:24-cv-00282-MMD-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

## I.   SUMMARY

This habeas matter is before the Court for initial review of Petitioner Robert Charles Jones's *pro se* petition for writ of habeas corpus (ECF No. 1-1 ("Petition")) under 28 U.S.C. § 2254 under the rules governing § 2254 cases.[1] The Court concludes that the Petition is subject to multiple substantial defects and summarily dismisses the Petition.

## II.   DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Petitioner challenges a 1978 state court conviction of first-degree murder. Petitioner initiated this federal habeas action on July 2, 2024. (ECF No. 1-1.) It appears that Petitioner is no longer in custody because he was granted parole on September 15,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

1   2023.[2] (ECF No. 4.)

"'Federal courts are courts of limited jurisdiction,' possessing 'only power authorized by the Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 749 F.3d 1141, 1145 (9th Cir. 2003).

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that he is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). The Court notes that Petitioner's claims also appear non-cognizable in federal habeas because success on the merits "would not necessarily lead to immediate or speedier release."[3] *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). Accordingly, as Petitioner was not in custody when he filed his federal petition as contemplated by 28 U.S.C. § 2254, the Court lacks jurisdiction to grant him habeas relief.

In addition, this Court denied Petitioner federal habeas corpus relief in 2017. *See Jones v. Palmer*, Case No. 3:11-cv-00467-MMD-WGC, ECF No. 71. The Antiterrorism and Effective Death Penalty Act generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. Petitioner has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the

---

[2] A notice (ECF No. 3) was served on Petitioner and was returned as undeliverable with a notation indicating that Petitioner is no longer at Northern Nevada Correctional Center. (ECF No. 4.) Petitioner has not filed a notice of change of address as required by the Local Rules of Practice. LR IA 3-1, LR 2-2.

[3] A claim is cognizable under Section 2254 only if it falls within the "core" of habeas. *Nettles*, 830 F.3d at 930. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.*

Ninth Circuit to file a second or successive § 2254 habeas petition.[4] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so). Accordingly, the Court denies the Petition and dismisses this action.

## III.  CONCLUSION

It is therefore ordered that Petitioner Robert Charles Jones's petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is denied, and this action is dismissed with prejudice.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 31st Day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33-34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*